IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERESA MARIE PROHASKA                      Case No. 3:13-cv-01621-MA

            Plaintiff,                  ORDER FOR EAJA FEES

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

           Defendant.

TIM WILBORN
Wilborn Law Office, PC
P.O. Box 370578
Las Vegas, NV 89137

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

BRETT E. ECKELBERG
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - ORDER FOR EAJA FEES

MARSH, Judge

Plaintiff seeks an award of attorney fees in the amount of $5,915.89 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was not substantially justified, plaintiff's application for fees is granted in part and denied in part.

## BACKGROUND

Plaintiff protectively filed her applications for disability insurance benefits and supplemental security income disability benefits on November 10, 2009, alleging disability due to multiple sclerosis and peripheral neuropathy beginning June 1, 2008. Plaintiff's applications were denied initially and upon reconsideration. An ALJ held a hearing on February 13, 2012. On May 3, 2012, the ALJ issued a decision denying plaintiff's applications. After Appeals Council denied review, plaintiff timely appealed.

Plaintiff raised four independent assignments of error in her appeal. The court rejected three of those arguments, but agreed with plaintiff that the ALJ's Step Four finding is not supported by substantial evidence. Exercising discretion, I remanded the case for further proceedings.

Plaintiff, as the prevailing party, subsequently filed the present Application for Fees Pursuant to EAJA (#22). The Commissioner objects to plaintiff's fee application, arguing solely

that a fee award is inappropriate because the Commissioner's litigation position was substantially justified, and therefore, plaintiff is not entitled to fees under the EAJA.

## DISCUSSION

### I.  Substantial Justification

Under EAJA, a prevailing party is entitled to recover attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)(internal quotation omitted). The government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 563-66 (1988); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990). A position is substantially justified if it has a reasonable basis in law and fact. *Pierce*, 487 U.S. at 565; *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010).

The position of the United States includes the "government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government bears the burden of demonstrating substantial justification. *Gutierrez v. Barnhart,* 274 F.3d 1255, 1258 (9th Cir.

2001). The government's position must be substantially justified at both stages. *Meier,* 727 F.3d at 872; *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

On appeal to this court, plaintiff argued that the ALJ improperly rejected plaintiff's testimony and the lay testimony of her mother, that the ALJ's step four finding was unsupported by substantial evidence, and that the hypothetical posed to the vocational expert (VE) was invalid. In the Opinion and Order (#20), I upheld the ALJ's findings on all issues raised with the exception of one, ALJ's step four finding.

The Commissioner argues that its position was substantially justified because it has a reasonable basis in fact. I disagree. As I specifically discussed in the Opinion and Order, VE testimony of cashier positions listed in the Dictionary of Occupational Titles (DOT) was ambiguous because the VE failed to provide citations to the DOT codes. Opinion and Order, (#20), p. 22. The ALJ did not request DOT codes to clarify the record. *Id.* Finally, the ALJ erroneously found plaintiff could perform her past relevant work of cashier as generally performed without indicating which cashier job plaintiff could perform at step four.[1] *Id.* at p. 23. Based on the significant lack of clarity in the record, the ALJ's finding that plaintiff could perform her past relevant work as a cashier as

---

[1] In the Opinion and Order, I noted that the DOT lists a variety of cashier jobs at various skill and exertion levels. *See* Opinion and Order (#20), p. 21 & n. 2.

generally performed was not supported by substantial evidence. The Commissioner's underlying action was not reasonably based in fact and therefore, not substantially justified.

The Commissioner further argues that its position had a reasonable basis in law because aside from failing to cite to DOT codes, the ALJ relied on the VE's testimony to correctly find that plaintiff could perform past work as a cashier. This argument misses the mark.

The Ninth Circuit and the agency's regulation are clear with respect to Step Four findings. "Broad generic occupational classifications . . . are insufficient to test whether a claimant can perform past relevant work." *Carmickle v. Commissioner,* 533 F.3d 1155, 1167 (9th Cir. 2008); *see also* Social Security Regulation 82-61 (1982)("Finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable."). As I clearly held, the ALJ erroneously relied on the VE's generic classification of "cashier" at step four to support the ALJ's finding that plaintiff can perform her past relevant work. Opinion and Order (#20), pp. 22-23. Accordingly, the Commissioner's position also did not have a reasonable basis in law. Thus, the Commissioner's position in defending this issue was not substantially justified.

Furthermore, "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)(citations omitted). This case does not meet the "decidedly unusual case" threshold.[2] *See e.g., Meier,* 727 F.3d at 872.

## II.  **Reasonableness of EAJA Award**

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Atkins v. Apfel,* 154 F.3d 986, 988 (9th Cir. 1998).

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit

---

[2] *See Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir. 2008)(finding substantial justification where the government contested the characterization of a physician as "treating" where the regulatory standard was vague); *Kali v. Brown*, 854 F.2d 329, 330-31 (9th Cir. 1988)("If the question of law is unresolved and of unclear resolution, then the government's litigation of the issue is reasonable and substantially justified."); *Trujillo v. Colvin*, No. 3:13-cv-0620-SI, 2014 WL 4824985, *3 (D. Or. Sept. 23, 2014)(holding that government's position was substantially justified where there was no controlling precedent on the issue for remand).

evidence in support of those hours worked. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992). Where documentation is inadequate, the court may reduce the requested award. *Henley,* 461 U.S. at 433-34.

Plaintiff seeks a total of $5,915.89 in attorney fees for 31.20 hours expended, broken down by year as follows: $187.02 per hour for 4.6 hours expended in 2013, $190.06 per hour for 25.3 hours expended in 2014, $190.06 per hour for 1.3 hours expended in 2015. The Commissioner does not object to the hourly rate, costs or expenses, and I note that the rates are within the statutory cap provided for under the EAJA.

**A. Clerical Tasks**

Clerical work or secretarial tasks are not properly reimbursable as attorney's fees. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 288, n. 1 (1989)(clerical tasks are typically considered overhead expenses, and are not reimbursable; "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate"); *see also Nadarajah v. Holder,* 569 F.3d 906, 921 (9th Cir. 2009)(holding that clerical tasks such as filing and organization "should have been subsumed in firm overhead rather than billed at paralegal rates"); *Brandt v. Astrue,* No. 08-0657-TC, 2009 WL 1727472, at *4 (D. Or. June 16, 2009)(finding that attorney time spent drafting and serving summons was non-compensable clerical work).

A review of the billing entries reveals that Mr. Wilborn has billed for preparing and serving summonses and related documents, tasks which this district has consistently found to be clerical in nature. *See Sterling Savings Bank v. Sequoia Crossing, LLC,* 2010 WL 3210855, *7 (D. Or. August 11, 2010)("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." (citations omitted)); *Uchytil v. Astrue,* No. CV-08-0303-ST, 2009 WL 2132719, *2 (D. Or. July 10, 2009); *Brandt,* 2009 WL 1727472, *4. Consistent with the practice in this district to exclude time for preparing summonses and serving the defendant, and for the reasons set forth in *Brandt* and *Sterling Savings Bank*, I find the following entries must be excluded:

| | | |
|---|---|---|
| 9/13/13 | Draft letter to U.S. Attorney | .1 |
| 10/03/13 | Draft letter with documents to effect service | .3 |
| 11/01/13 | Prepare documents to allege service via ECF | .3 |

These reductions result in a 0.7 hour reduction for time billed in 2013.

In summary, in light of the modest reduction discussed above, I find a total of 30.5 hours to be reasonable under the EAJA. Therefore, plaintiff is entitled to $5,784.98 in fees (3.90 hours

in 2013 X \$187.02 = \$729.38, 25.3 hours in 2014 X \$190.06 = \$4,808.52, 1.3 hours in 2015 X \$190.06 = \$247.08).

## CONCLUSION

For the reasons stated above, plaintiff's Application for Fees Pursuant to EAJA (#22), is GRANTED in part and DENIED in part. Plaintiff is awarded \$5,784.98 in fees. Consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527-28 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this *23* day of April, 2015.

Malcolm F. Marsh
United States District Judge

9 - ORDER FOR EAJA FEES